**TERMINAL FREIGHT HANDLING COMPANY and Terminal Freight Cooperative Association**

v.

**No. 70 C 300(3).**

United States District Court, E. D. Missouri, E. D.

Dec. 9, 1970.

Gerald Tockman, McMahon & Berger, St. Louis, Mo., Lawrence D. Ehrlich and Jerry Kronenberg, Borovsky, Ehrlich & Kronenberg, Chicago, Ill., for plaintiffs.

Joseph H. Solien, Regional Director, N. L. R. B., St. Louis, Mo., for defendant.

**MEMORANDUM AND ORDER**

REGAN, District Judge.

This matter is before the Court on motion of defendant to dismiss plaintiffs' amended complaint and on motion of plaintiffs for partial dismissal.

The action, as originally filed on June 19, 1970, sought only a mandatory injunction to compel the Regional Director to petition the District Court for injunctive relief under Section 10(*l*) of the National Labor Relations Act, 29 United States Code, Section 160(*l*). It was alleged that on June 16, 1970, the Regional Director concluded, after investigation, that he had reasonable cause to believe that a union had engaged in unlawful secondary picketing as charged by plaintiffs on June 12, 1970 and that a complaint should issue, but that on June 18, 1970 the Regional Director indicated to plaintiffs that Section 10(*l*) relief would not be sought. The theory of the action was that by failing to seek injunctive relief under Section 10(*l*), the Regional Director failed to perform his statutory duty, to the irreparable damage of plaintiffs.

The amended complaint, filed June 26, 1970, sought, in addition to a mandatory injunction, a declaratory judgment, (1) that plaintiffs since June 18, 1970, are entitled to the mandatory relief sought and (2) that Section 10230 of the Field Manual of the National Labor Relations Board is unconstitutional, unauthorized by law, and of no force and effect. The foregoing section of the field manual, although expressly stating that injunctive proceedings are mandatory if the proscribed union conduct is found, authorizes regional directors to hold such proceedings in abeyance "if it appears that the union has voluntarily ceased engaging in the conduct and a resumption thereof is not threatened, so that there may be nothing to enjoin * * * as (the Board's) experience in the courts has demonstrated that they are unwilling to accept filing where the activity has ceased and there is no likelihood of resumption. In the latter

event, injunction proceedings should be instituted if it thereafter appears that resumption is imminent or likely." Plaintiffs' theory is that the authority granted by the manual to withhold action under the circumstances therein outlined is inconsistent with and contrary to the mandatory requirements of Section 10(*l*), and that only the court in which such an action is required to be filed may determine whether injunctive relief is "appropriate."

█ The record shows that on June 29, 1970, the Regional Director filed a petition in the District Court seeking a Section 10(*l*) injunction against the union, thereby admittedly mooting plaintiffs' request for a mandatory injunction. However, although requesting a dismissal as to their prayer for a mandatory injunction, plaintiffs insist that the case is not moot and should be retained as to the declaratory judgment aspect. They argue that there is the possibility that in the future they might be adversely affected if any charges against the same or other unions are filed in the future and if the Regional Director again refrains from filing a suit for injunction on the authority of Section 10320 of the Manual. On such premise, plaintiffs contend that we should now declare invalid the 13-day delay of the Regional Director in seeking injunctive relief in this case as well as declaring invalid the manual provision.

As to the former, we believe that whether or not the Regional Director should have acted before June 29, 1970, any such issue is entirely moot since plaintiffs cannot be further adversely affected. No useful purpose whatever would be served by a declaration (Paragraph 1 of the prayer of the Amended Complaint) to the effect that "plaintiffs are now and have been since June 16, 1970, *entitled to the filing of application for injunctive relief* under Section 10(*l*) of the Act against the Union and its then unlawful and continuing unlawful conduct pending final adjudication of the Board *in Case No. 14–CC–604.*" As of June 29, 1970 there is an absence of any actual controversy as to this issue.

As to the remaining declaration sought (Paragraph 2 of the prayer) to the effect that the questioned provision of Section 10230 of the Field Manual of the National Labor Relations Board is invalid, it is our view that there is an absence of a justiciable or actual controversy. We note, inter alia, that the manual section does not mandatorily require the Regional Director to withhold court action even in situations where such action would appear to be useless. We also note the absence of any allegation that any other charges brought by plaintiffs are pending or even contemplated. That other charges may have been brought before *other* regional directors, or even by other employers,[1] as argued by plaintiffs in their briefs, would not create a justiciable controversy as between plaintiffs and the defendant regional director.

█ Of even more importance, it is our view that a declaration concerning the validity of a Section of the manual promulgated on behalf of the National Labor Relations Board should not be made in an action against a single regional director who obviously had no part in drafting or promulgating the same. Plaintiffs' theory as set forth in one of its briefs is stated as follows: "Plainly, the unauthorized and unlawful effort of the Board's General Counsel to write out of the statute the mandatory provisions written in and intended by Congress in Section 10(*l*) by the invalid promulgation of the 'rule' contained in Field Manual Section 10230 must be stopped." It is thus evident that the real party or parties in interest are not in Court. If plaintiffs have any controversy it is with the Board or with the General Counsel, not the regional director, and any action seeking a declaration of the validity of any Board rule or directive should be maintained against those who promulgated the same.

---

1. This is not a class action.

Accordingly, it is hereby ordered that defendant's motion to dismiss should be and the same is hereby sustained, thereby mooting plaintiffs' motion for partial dismissal, and this cause is dismissed.